## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Austin Shockley, on behalf of himself, those similarly situated, and the proposed Rule 23 Class | : : : : | Case No. _____ |
| Plaintiff, | : : | **COMPLAINT** |
| v. | : : | |
| GoBrands, Inc. d/b/a GoPuff, Inc., | : : | |
| Defendant. | : | |

### PRELIMINARY STATEMENT

1.      This case is brought on behalf of individuals who have worked for GoBrands, Inc. d/b/a GoPuff, Inc. ("GoPuff") as delivery drivers anywhere in the United States.  GoPuff is a delivery service that provides drivers who can be hailed and dispatched through a mobile phone application to deliver food, beverages, and other household items to customers at their homes and businesses.

2.      As described below, GoPuff has misclassified Plaintiff and other similarly situated delivery drivers as independent contractors and, in doing so, has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* by failing to pay them minimum wage and overtime compensation for all hours worked.  Plaintiff brings this claim under the FLSA on behalf of all similarly situated employees who may choose to opt in to this action under 29 U.S.C. § 216(b).

3.      Plaintiff further alleges, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of delivery drivers who have worked in Colorado, that Defendant violated the Colorado Minimum Wage Act and Colorado Wage Act by requiring

delivery drivers to pay expenses that should have been paid by the employer, and failing to pay minimum wage and overtime pay.  Plaintiff Shockley, on behalf of the Rule 23 Class, seeks restitution of all wages and expenses including the cost of gas and car maintenance, which they were required to bear in order to perform their jobs, and all other relief to which they are entitled.

4.     Finally, Plaintiff brings an individual claim against Defendant for unlawful retaliation in violation of the FLSA and Colorado state law.  Defendant unlawfully terminated Plaintiff Shockley in response to Plaintiff's questioning and complaints regarding its unlawful pay practices and failure to pay all wages owed.

## JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff brings a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.     This Court has jurisdiction over Plaintiff's Colorado state law claims pursuant to 28 U.S.C. § 1367 because they are so related to his FLSA claims that they form part of the same case or controversy.

7.     Venue is proper under 28 U.S.C. § 1391(b) because Defendant GoBrands, Inc. d/b/a GoPuff, Inc. resides in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

### *Plaintiff*

8.     Plaintiff Austin Shockley ("Plaintiff") is an adult resident of Florida.  Plaintiff has consented in writing to be a party of the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  His consent form is filed herewith as Exhibit A.

2

9.      Plaintiff worked for Defendant in Denver, Colorado from approximately September 2016 through May 2017.  Plaintiff worked as a delivery driver for Defendant from approximately September 2016 through December 2016, and as an operations manager from January 2017 through May 2017.

***Defendant***

10.     Defendant GoBrands, Inc. d/b/a GoPuff, Inc. is incorporated in the State of Delaware and maintains its corporate headquarters in Philadelphia, Pennsylvania.

11.     According to its website, "GoPuff is an on-demand delivery service application created by Millennials for Millennials" that "delivers virtually thousands of convenience items, from snacks and drinks to groceries and household essentials to office supplies and electronics and more, to your door in 30 minutes or less all day and all night long."

12.     Defendant operates delivery services throughout the United States.  According to its website, Defendant operates in: Arizona, Colorado, Georgia, Illinois, Indiana, Massachusetts, New Jersey, New York, Ohio, Oregon, Pennsylvania, Texas, Washington, Washington DC, and Wisconsin.

13.     Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 or greater during each year within the applicable time period.

14.     Upon information and belief, during the applicable time period, Plaintiff and those similarly situated regularly delivered goods manufactured in other states.

15.     As detailed below, Defendant GoBrands Inc. d/b/a GoPuff, Inc. is or was the employer of Plaintiff, the Nationwide FLSA Collective, and the putative Rule 23 Class.

## FACTS RELATING TO ALL WAGE-AND-HOUR CLAIMS

16.    GoPuff is a delivery service that provides a range of items such as food, office supplies, cleaning supplies, electronics, and various household items via an on demand dispatch system.  GoPuff stocks these items in warehouses.

17.    Plaintiff and members of the Nationwide FLSA Collective and Rule 23 Class worked for GoPuff as delivery drivers.  Delivery drivers are responsible for delivering requested items to customers in 30 minutes or less.

18.    GoPuff is in the business of providing delivery service to customers; this is the sole service that GoPuff provides.  GoPuff's delivery drivers' services are fully integrated into GoPuff's business.  Without its delivery drivers, GoPuff's business would not exist.

19.    GoPuff classifies all of its delivery drivers as independent contractors.

20.    Although classified as independent contractors, GoPuff drivers are, in fact, employees under federal and state law.  They are required to follow detailed requirements imposed on them by GoPuff, are graded on their job performance, and are subject to termination based on GoPuff's discretion and/or their failure to adhere to these requirements (e.g., rules regarding conduct with customers, timeliness in picking up items and delivering them to customers, accurateness of orders, etc.).

21.    Delivery drivers are required to work at least three eight-hour shifts per week.  All drivers are expected to maintain this work schedule.  If a driver is unable to work their scheduled shift, they must notify their supervisor or their employment will be terminated.

22.    Before their scheduled shift, delivery drivers are required to sign-in at Defendant's warehouse.  They are then required to wait at Defendant's warehouses until items are ordered by customers.

4

23.     Once an item is ordered, an operations manager assigns a particular driver to complete that delivery.  The driver must make the assigned delivery, and does not have discretion to refuse or otherwise modify the delivery or route.  If a driver refuses to complete his assigned delivery, their employment may be terminated.

24.     Delivery drivers are required to take meal or rest breaks at Defendant's warehouse, and are terminated if they are suspected of taking too long to return to the warehouse after a delivery.

25.     There are occasions when delivery drivers work more than 12 hours in a workday and more than 40 hours in a workweek.

26.     Delivery drivers are not paid proper overtime for hours they work in excess of 12 hours per day and 40 per week as required by federal and state laws.  They are paid a flat rate for each shift worked.  Drivers also receive additional compensation for each delivery completed, and when they work over 8 hours in one day.  Drivers sometimes also receive tips from customers.

27.     GoPuff's delivery drivers are also required to bear many of the expenses of their employment, including the costs of wear and tear on their personal vehicles and the costs of gas.

28.     Defendant did not reimburse drivers for their gas, mileage, or other vehicle expenses.  Plaintiff and other delivery drivers were solely responsible for these expenses.

29.     The Internal Revenue Service ("IRS") sets a standard mileage reimbursement rate that is meant to apply to the average driver.  During the applicable period, the IRS business mileage reimbursement rate ranged from $0.535 to $0.575 per mile.  Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable

5

reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $0.426 and $0.592 per mile during the same period.

30.     Defendant's failure to reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

31.     In light of the unreimbursed expenses delivery drivers must bear, there are times when delivery drivers do not make minimum wage for all hours worked.

32.     For example, in 2016, Plaintiff estimates that he drove his vehicle approximately 500 miles per week completing his assigned deliveries.  Based on the IRS's mileage rate, Plaintiff incurred $270 in vehicle expenses each week.  In 2016, the Colorado minimum hourly wage rate was $8.31 per hour, and the federal minimum wage was $7.25.

33.     For example, there were workweeks when Plaintiff estimates that he worked 55 hours per week and earned $500.  Taking into account the unreimbursed $270 in vehicle expenses Plaintiff incurred that workweek, Defendant paid Plaintiff $230 for his work that week, or $4.18 per hour.

34.     Defendant subjected all of its delivery drivers to the same policies of non-reimbursement for vehicle expenses, and thus paid all its delivery drivers less than the required minimum and overtime wage rates.

35.     Defendant was aware that Plaintiff and other delivery drivers were not paid the minimum wage and that they worked overtime hours because it scheduled or permitted these drivers to work more than 40 hours in a workweek and set an hourly wage that was below state and federal minimum wage requirements.

## FACTS RELATING TO PLAINTIFF'S RETALIATION CLAIM

36.     Defendant employed Plaintiff from September 2016 through May 2017.

37.     Throughout his employment with Defendant, Plaintiff worked extensive overtime hours and drove significant distances to complete the work Defendant assigned to him.

38.     On or around March 2017, Plaintiff noticed that he had not received his base pay and had not received his tips.

39.     Plaintiff Shockley first inquired about his unpaid wages to his regional manager. When he did not receive an adequate response, he complained about his unpaid wages to his executive regional manager.

40.     Shortly thereafter, Defendant's Human Resources manager informed Plaintiff that he would be paid his wages, but Plaintiff did not receive his wages.

41.     On May 14, 2017, without any prior mention of termination or indication that Defendant was not satisfied with his work, Defendant issued Plaintiff a termination notice.

42.     Plaintiff's termination was retaliatory, and was a direct result of Plaintiff's questions and complaints about compensation Defendant owed him.  As a result of Defendant's illegal conduct, Plaintiff suffered damages, including loss of income.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff, on behalf of himself and the Nationwide FLSA Collective, re-alleges and incorporates by reference the above paragraphs as set forth herein.

44.     Plaintiff brings Counts One and Two on behalf of:

> All delivery drivers who have worked Defendant in the United States at any time three years prior to the filing of the Complaint in this action through the date the collective list is prepared.

45.     Plaintiff and the Nationwide FLSA Collective are victims of Defendant's widespread, repeated, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiff and the Nationwide FLSA Collective.

46.     Defendant has engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et. seq.* as described in this Complaint in ways including, but not limited to, failing to pay employees overtime compensation and minimum wages.

47.     Defendant's conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

48.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Nationwide FLSA Collective, and, as such, notice should be sent to the Nationwide FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from the common policies and plans of Defendant, including being denied overtime compensation and minimum wage, who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## RULE 23 CLASS ACTION ALLEGATIONS

49.     Plaintiff, individually and on behalf of the proposed Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

50.     Plaintiff brings Counts Three and Four individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 Class is defined as:

> All delivery drivers who have worked Defendant in Colorado at any time within the three years prior to the commencement of this action.

51.     The persons in the proposed Rule 23 Class are so numerous that joinder of all members is impracticable.  While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed more than 100 individuals as delivery drivers in Colorado during the applicable limitations period.  Plaintiff and the proposed Rule 23 Class have been similarly affected by Defendant's violations of law.

52.     There are questions of law and fact common to the proposed Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

a.   whether Defendant failed and/or refused to pay the proposed Rule 23 Class minimum wage for all hours worked in a workweek in violation of Colorado Minimum Wage Order Number 33, 7 C.C.R. 1103-1;

b.   whether Defendant failed and/or refused to pay the proposed Rule 23 Class overtime pay for hours worked in excess of twelve (12) hours per workday and forty (40) hours per workweek in violation of Colorado Minimum Wage Order Number 31, 7 C.C.R. 1103-1:4;

c.   the proper measure of damages sustained by the proposed Rule 23 Class; and

d.   whether Defendant should be enjoined from such violations in the future.

53.     Plaintiff's claims are typical of those of the proposed Rule 23 Class.  Plaintiff, like the other proposed Rule 23 Class members, was subject to Defendant's unlawful pay practices, resulting in its failure to compensate them for all hours worked.

54.     Plaintiff will fairly and adequately protect the interests of the proposed Rule 23 Class, and has retained counsel experienced in complex wage and hour class action litigation.

55.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

56.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

57.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

58.     Plaintiff Shockley intends to send notice to the proposed Rule 23 Class to the extent required by Fed. R. Civ. P. 23(c).

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

### *On Behalf of Plaintiff and the Nationwide FLSA Collective*

59.     Plaintiff, on behalf of himself and the Nationwide FLSA Collective, re-alleges and incorporates by reference the above paragraphs as set forth herein.

60.     This claim arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, for failure to pay overtime compensation to Plaintiff Shockley and members of the Nationwide FLSA Collective to which they were entitled.

61.     At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et. seq.*

62.     The minimum wage provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, apply to Defendant and protects Plaintiff and the Nationwide FLSA Collective.

63.     Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

64.     Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiff and the Nationwide FLSA Collective were entitled to be compensated at a rate of at least one-and-one-half times their regular rate of pay for all hours worked over forty in one work week.

65.     Defendant, pursuant to its policies and practices, refused and failed to pay overtime wages to Plaintiff and the Nationwide FLSA Collective.

66.     By failing to compensate Plaintiff and the Nationwide FLSA Collective, Defendant violated, and continues to violate, Plaintiff's rights under FLSA, 29 U.S.C. § 207.

67.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255, without a good faith or reasonable basis.

68.     Plaintiff, on behalf of himself and the Nationwide FLSA Collective, seeks damages in the amount of his respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

69.     Plaintiff, on behalf of himself and the Nationwide FLSA Collective, seeks recovery of attorney's fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY MINIMUM WAGE

### *On Behalf of Plaintiff and the Nationwide FLSA Collective*

70.     Plaintiff, on behalf of himself and the Nationwide FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

71.     This claim arises from Defendant's willful and systemic violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* by failing to pay a minimum wage to Plaintiff and members of the Nationwide FLSA Collective.

72.     At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et. seq.*

73.     The minimum wage provisions of the FLSA, 29 U.S.C. § 201 *et seq.* apply to Defendant and protect Plaintiff and the Nationwide FLSA Collective.

74.     Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and the Nationwide FLSA Collective were entitled to be compensated at the applicable minimum wage rates provided therein.

75.     Defendant, pursuant to its policies and practices, refused and failed to pay the required minimum wage to Plaintiff and the Nationwide FLSA Collective.

76.     By failing to compensate Plaintiff and the Nationwide FLSA Collective, Defendant violated, and continues to violate, Plaintiff's statutory rights under the FLSA, 29 U.S.C. § 206.

12

77.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

78.     Plaintiff, on behalf of himself and the Nationwide FLSA Collective, seeks damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

79.     Plaintiff, on behalf of himself and the Nationwide FLSA Collective, seek recovery of attorney's fees and costs to be paid by Defendant as provided by the FLSA,  29 U.S.C. § 201 *et seq.*

## COUNT III — VIOLATION OF THE COLORADO MINIMUM WAGE ACT FOR UNPAID OVERTIME COMPENSATION

### *On Behalf of Plaintiff and the Proposed Rule 23 Class*

80.     Plaintiff, individually and on behalf of the proposed Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

81.     At all relevant times, Plaintiff Shockley and members of the proposed Rule 23 Class were employees within the meaning of C.R.S. § 84-101(4); 7 C.C.R. § 1103-1:2.

82.     At all relevant times, Defendant was an employer within the meaning of C.R.S. § 8-4-101(5); 7 C.C.R. § 1103-1:2.

83.     At all relevant times, Defendant was a "business or enterprise engaged directly or indirectly in providing services to other commercial firms through the use of service employees" that is therefore covered by the overtime provisions within Colorado Minimum Wage Order Number 31.  C.C.R. §§ 1103-1:1, -1:2(B).

84.     Colorado law requires Defendant to pay overtime compensation at a rate of not less than one and one-half times the employee's regular rate of pay for all hours worked in

excess of forty (40) hours in a workweek and twelve (12) hours per workday or twelve (12) consecutive hours without regard to the starting and ending time of the workday.  C.C.R. § 1103-1:4.

85.     Plaintiff and members of the proposed Rule 23 Class worked more than 40 hours for Defendant in one or more workweeks within the past three years, but due to Defendant's failure to pay them for all hours worked, as required under Colorado law, they did not receive overtime pay for all hours worked in violation of C.C.R. § 1103-1:4.

86.     Defendant's violations of Colorado's overtime provisions were willful.  C.C.R. § 1103-1:15.

87.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the proposed Rule 23 Class have suffered damages in an amount to be determined at trial.

88.     Plaintiff and the proposed Rule 23 Class seek damages in the amount of their unpaid overtime wages for all hours worked in excess of twelve (12) hours per workday and forty (40) hours per workweek, reasonable attorneys' fees and costs for this action pursuant to C.R.S. § 8-6-118 and C.C.R. § 1103-1:18, pre- and post-judgment interest pursuant to C.R.S. § 5-12-102, and such other legal and equitable relief as the Court deems proper.

## COUNT IV — VIOLATION OF THE COLORADO MINIMUM WAGE ACT FOR FAILURE TO PAY MINIMUM WAGE

### *On Behalf of Plaintiff and the Proposed Rule 23 Class*

89.     Plaintiff, individually and on behalf of the proposed Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

90.     At all relevant times, Plaintiff and members of the proposed Rule 23 Class were employees within the meaning of C.R.S. § 8-4-101(4); 7 C.C.R. § 1103-1:2.

91.     At all relevant times, Defendant was an employer within the meaning of C.R.S. §
8-4-101(5); 7 C.C.R. § 1103-1:2.

92.     Defendant employed Plaintiff and others in a business or enterprise that sells a
service to the consuming public and that generates 50% or more of its annual dollar volume of
business from such sales, and therefore in an industry regulated by the MWO. 7 C.C.R. 1103-
1(2)(A).

93.     Defendant violated the CMWWA, as implemented by the MWO, when it failed to
pay Plaintiff and others minimum wages and overtime premiums. 7 C.C.R. 1103-1(3- 4).

94.     As a result, Plaintiff and others have suffered lost wages and lost use of those
wages in an amount to be determined at trial.

95.     Plaintiff and others are entitled to recover in a civil action wages owed to them,
together with the costs of suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### COUNT V – VIOLATION OF THE COLORADO WAGE ACT
### AND DEMAND FOR PAYMENT

*On Behalf of Plaintiff and the Rule 23 Class*

96.     Plaintiff, individually and on behalf of the proposed Rule 23 Class, re-alleges and
incorporates by reference the above paragraphs as if fully set forth herein.

97.     At all relevant times, Plaintiff and members of the proposed Rule 23 Class were
employees within the meaning of C.R.S. § 8-4-101(4).

98.     At all relevant times, Defendant was an employer within the meaning of C.R.S. §
8-4-101(5).

99.     Plaintiff is a former GoPuff employee whose relationship with GoPuff was
terminated under C.R.S. § 8-4-109.

100.   Defendant has failed to pay Plaintiff and the Rule 23 class wages and overtime premiums earned under state and federal law.

101.   These unpaid wages are earned, vested, and determinable.

102.   Plaintiff demands payment on behalf of himself and all members of the Rule 23 Class for whom he brings this claim in an amount sufficient to provide compensation for all unpaid wages and overtime premiums. This demand for payment is continuing and is made on behalf of any putative Class Members whose employment has terminated or terminates at any time in the future or who have been inadequately paid on any regular pay periods and who continue to be employed Defendants. Such payment should be made care of Towards Justice at the undersigned address.

103.   Defendant is liable to Plaintiff and the Class for damages, penalties, and attorney's fees under the CWA.

## COUNT VI – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR UNLAWFUL RETALIATION

### *On Behalf of Plaintiff Individually*

104.   Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

105.   Section 215(a)(3) of the FLSA makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] . . . ." 29 U.S.C. § 215(a)(3).

106.   Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 201 *et seq.*

107.   Defendant is an employer within the meaning of 29 U.S.C. § 201 *et seq.*

108.    Plaintiff engaged in protected activity within the meaning of the FLSA by complaining to Defendant about wages owed to him under the FLSA.

109.    Plaintiff suffered adverse action, including termination, after Defendant learned of Plaintiff's protected activity.

110.    Defendant retaliated against Plaintiff in violation of the FLSA, 29 U.S.C. § 215(a)(3), because Plaintiff questioned and complained to Defendant about compensation they owed him.

111.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer a loss of income and benefits, emotional distress, and other damages. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to all "such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3)", including  liquidated damages, compensatory damages, and punitive damages, as well as attorneys' fees and costs incurred in connection with this claim.

112.    Defendant's actions were knowingly, willfully, and maliciously in violation of the FLSA and warrant the imposition of liquidated and punitive damages.

## COUNT VII – VIOLATION OF THE COLORADO WAGE ACT FOR UNLAWFUL DISCRIMINATION

### On Behalf of Plaintiff Individually

113.    Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

114.    At all relevant times, Plaintiff was an employee within the meaning of C.R.S. § 8-4-101(4); 7 C.C.R. § 1103-1:2.

115.    At all relevant times, Defendant was an employer within the meaning of C.R.S. § 8-4-101(5); 7 C.C.R. § 1103-1:2.

17

116.    Under Colorado law, "[n]o employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under this article or related law . . . ." C.R.S. § 8-4-120.

117.    Plaintiff engaged in protected activity within the meaning Colorado law by complaining to Defendant about wages owed to him.

118.    Plaintiff suffered adverse action, including termination, after Defendant learned of Plaintiff's protected activity.

119.    Defendant retaliated against Plaintiff in violation of C.R.S. § 8-4-120 because Plaintiff questioned and complained to Defendant about compensation they owed him.

120.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer a loss of income and benefits, emotional distress, and other damages.

121.    Defendant's actions were knowingly, willfully, and maliciously in violation of Colorado law and warrant the imposition punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Nationwide FLSA Collective, prays for judgment against Defendant as follows:

a.    Designation of this action as a collective action on behalf of the Nationwide FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Nationwide FLSA Collective apprising them of the pendency of this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b.    That Plaintiff and the Nationwide FLSA Collective be determined and adjudicated as "employees" under the FLSA;

c.    That the practices of Defendant be determined and adjudicated as violations of the FLSA, 29 U.S.C. § 201, *et seq.*

d.    That the practices of Defendant constitute willful violations of the FLSA, 29 U.S.C. § 201 *et seq.*

e.    Judgment against Defendant for an amount equal to Plaintiff's and the Nationwide FLSA Collective's unpaid wages pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*;

f.    Judgment against Defendant for an amount equal as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*;

g.    An award of interest, costs, and attorney's fees, and all other relief available under the FLSA, 29 U.S.C. § 201, *et. seq.*;

h.    Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

i.    For such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Rule 23 Class, prays for relief as follows:

a.    For certification of the proposed Rule 23 Class and for designation of Plaintiff as class representative and his counsel as class counsel;

b.    Judgment against Defendant, finding that it violated C.R.S. §§ 8-4-103, -109 by failing to pay Plaintiff and the proposed Rule 23 Class for all of their wages earned;

c.    Judgment against Defendant, finding that it violated C.C.R. § 1103-1:4 by failing to pay Plaintiff and the proposed Rule 23 Class the overtime compensation to which they were entitled;

d.    Judgment against Defendant for an amount equal to Plaintiff's and the proposed Rule 23 Class' unpaid wages, pre- and post-judgment interest pursuant to C.R.S. § 5-12-102, and their reasonable costs and attorney's fees pursuant to C.R.S. § 8-4-110;

e.    Judgment against Defendant for an amount equal to Plaintiff's and the proposed Rule 23 Class' unpaid overtime compensation, pre- and post-judgment interest pursuant to C.R.S. § 5-12-102, and their reasonable costs and attorney's fees pursuant to C.R.S. § 8-6-118 and C.C.R. § 1103-1:18;

f.      Leave to amend to add claims under applicable state laws;

g.      For all such other legal and equitable relief available pursuant to applicable law; and

h.      For all such further relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of the putative Nationwide FLSA Collective and Rule 23 Class demand a trial by jury.

Dated: October 11, 2017

SCHALL & BARASCH LLC
Patricia A. Barasch
Moorestown Office Center
110 Marter Ave, Suite 302
Moorestown, NJ 08057

TOWARDS JUSTICE
Alexander Hood*
alex@towardsjustice.org
David Seligman*
david@towardsjustice.org
1535 High Street, Suite 300
Denver, CO 80218
Phone: 720-239-2606
Fax: 303-957-2283
* *Pro hac vice* application forthcoming

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133*
srey@nka.com
Robert L. Schug, MN Bar No. 0387013*
schug@nka.com
Brittany B. Skemp, MN Bar No. 0395227*
bskemp@nka.com
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
* *Pro hac vice* application forthcoming

EXHIBIT A

# GoPuff
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, GoBrands, Inc. d/b/a GoPuff, Inc. and any other related entities or affiliates later added as defendants ("GoPuff"), to recover unpaid wages.

2. In the past three years, I was not paid at least the federal minimum wage for all of the hours I worked for GoPuff as a delivery driver and/or there were occasions during the past three years when I worked more than 40 hours in a week and did not receive overtime compensation.

3. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against GoPuff and any other related entities or affiliates.

Date 10/08/2017

Signature

Austin Shockley

Print Name

---

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**

Redacted