IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUSTIN SHOCKLEY, on behalf of himself, those similarly situated, and the proposed Rule 23 Class, <br> Plaintiff, <br><br> v. <br><br> GOBRANDS, INC. d/b/a GOPUFF, INC., <br> Defendant. | CIVIL ACTION <br><br> Case No. 2:17-CV-04519-MSG |

### JOINT MOTION FOR APPROVAL OF THE KYLE BLESSING SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE AND ISSUANCE OF DISMISSAL ORDER

Claimant Kyle Blessing ("Blessing") and Defendant GoBrands, Inc. d/b/a GoPuff ("Defendant"), by and through their respective counsel, jointly move this Court to approve the Settlement Agreement and Full and Final Release ("Settlement Agreement") reached between them and to dismiss Mr. Blessing's claims against Defendant with prejudice. In support, the parties state:

1. On or about October 11, 2017, Austin Shockley filed a lawsuit on behalf of himself and those similarly situated and a proposed Rule 23 class captioned *Austin Shockley, et al. v. GoBrands, Inc. d/b/a GoPuff, Inc.* in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:17-cv-04519-MSG ("the *Shockley* matter"), alleging, among other things, violations of the Fair Labor Standards Act for failure to pay the minimum wage and unpaid overtime.

2. On or about November 14, 2017, Blessing signed a consent form, wherein he opted into the *Shockley* matter and consented to making a claim against GoBrands to recover alleged unpaid wages. This consent form was filed with the Court on or about November 15, 2017.

1

3. On or about July 17, 2018, the parties entered into a joint stipulation to stay the *Shockley* matter pending individual arbitration of Blessing's (and other opt-in plaintiff's) claims.

4. On or about November 15, 2018, Blessing filed a demand for arbitration with JAMS against GoBrands, JAMS Reference No. 1390000623, alleging violations of the FLSA for alleged failure to pay the minimum wage and unpaid overtime.

5. Defendant denies the allegations in this lawsuit and Blessing's demand for arbitration; denies that Blessing is an "employee," as defined by the Fair Labor Standards Act; denies that it is liable to Blessing for alleged violations of the FLSA; and denies that it owes Blessing any damages.

6. There exists between the parties a *bona fide* dispute under the FLSA. The parties recognize the outcome in the lawsuit is uncertain and achieving a final result through litigation requires additional risk, discovery, time, and expense.

7. In order to determine how best to serve the interests of Blessing, Blessing and his counsel have investigated and evaluated the facts and law relating to the claims asserted in the lawsuit.

8. Although Defendant does not admit or concede any liability or damages, Defendant and Blessing have agreed to settle the claims between them to avoid the burden, expense, and uncertainty of continuing this litigation.

9. After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Blessing and his counsel believe that the settlement reached between the parties is in the best interests of Blessing and represents a fair, reasonable, and adequate resolution of his claims.

10. The settlement agreement has been executed by all parties and/or their representatives.

11. The parties' agreement settles all claims and matters pleaded in Blessing's demand for arbitration fully and forever.

12. The parties are submitting a copy of their settlement agreement for the Court's *in camera* review. Defendant respectfully requests that the Court consider the settlement agreement on an *in camera* basis. Blessing does not object to this request.

13. The parties respectfully request that this Court approve their settlement agreement and enter a final order dismissing Blessing's claims with prejudice.

WHEREFORE, the parties respectfully move the Court to approve their Settlement Agreement and Full and Final Release as a fair and reasonable resolution of *bona fide* disputes under the FLSA and to enter a final order dismissing all claims made by Kyle Blessing against Defendant with prejudice.

Respectfully submitted,

Dated: May 30, 2019

*Robert L. Schug*
Robert L. Schug, Esq. (admitted *pro hac vice*)
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
schug@nka.com
*Attorneys for Plaintiff*

*/s/ Jacqueline R. Barrett*
Jacqueline R. Barrett, Esq.
Jessica M. Bocchinfuso, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: (215) 995-2800
Fax: (215) 995-2801
*Attorneys for Defendant*
