IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUSTIN SHOCKLEY, on behalf of himself, those similarly situated, and the proposed Rule 23 Class,<br>      Plaintiff,<br><br>v.<br><br>GOBRANDS, INC. d/b/a GOPUFF, INC.,<br>      Defendant. | CIVIL ACTION<br><br>Case No. 2:17-CV-04519-MSG |

### **<u>FINAL ORDER AND JUDGMENT AS TO THE CLAIMS OF KENNETH CORCORAN</u>**

Having considered the Settlement Agreement and Full and Final Release between Claimant Kenneth Corcoran ("Corcoran") and Defendant GoBrands, Inc. d/b/a GoPuff ("Defendant"), and the entire record in the above-captioned action, and, upon joint motion of the parties through their respective attorneys, the Court hereby finds as follows:

1. Corcoran contends that he is allegedly due damages for being paid below the minimum wage and for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant denies the allegations in the Complaint filed in this matter as well as Corcoran's Demand for Arbitration; denies that Corcoran was its "employee," as defined by the FLSA; denies that it is liable to Corcoran for alleged violations of the FLSA; and denies that it owes Corcoran any damages.

3. Corcoran's claims raised disputed issues of law and fact.

4. The parties have now finalized and entered into a Settlement Agreement and Full and Final Release with respect to Corcoran's claims.

5. The Settlement Agreement and Full and Final Release has been presented to this Court for *in camera* review and approval, and, as such, represents a "supervised" settlement under

the FLSA. *See, e.g., Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

6.	Upon review, the Court concludes the parties' Settlement Agreement and Full and Final Release is a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

Therefore, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.	The Court hereby approves the terms of the parties' Settlement Agreement and Full and Final Release as fair, reasonable, appropriate, and in accordance with law, and incorporates by reference herein such Settlement Agreement and Full and Final Release; and

2.	Consistent with such Settlement Agreement and Full and Final Release, as well as Local Rule of Civil Procedure 41.1(b), the claims of Kenneth Corcoran are hereby dismissed with prejudice.

Dated:_____	_____
	Mitchell S. Goldberg, J.